# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### DIVISION

Susan Morris-Huse,
    Plaintiff

                  v.

GEICO,
    Defendant(s)

)
)
)
)
)
)
)
)
)
)

Case No. **8:16cv 1353 36 AEP**
(To be assigned by Clerk of District Court)

## COMPLAINT

I.    State the grounds or reasons for filing this case is Federal Court (i.e., breach of contract, violation of constitutional right, challenge to law/statute) (include federal statutes and/or U.S. Constitutional provisions, if you know them):

This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12101 in that this case arises under federal law.

II.    Plaintiff, Susan Morris-Huse is a citizen of Florida and is domiciled at 2462 Bahia Vista St, Sarasota Florida 34239 in the county of Sarasota.

III.    Defendant(s),

        GEICO is located at 5260 Western Ave., Chevy Chase, MD 20815

IV.    Venue

        Where did the events giving rise to this claim take place? Lakeland, FL

V.    Statement of Facts (State as briefly and clearly as possible the facts of your case. Describe how each defendant is involved and what each defendant personally did or failed to do, which resulted in harm to you. Include the names of other people involved along with dates and places. Take time to organize your statement. Each fact should be a separate sentence, and each sentence should be consecutively numbered. Please make each sentence a separate numbered paragraph.)

VI.    Statement of claim (In separately numbered sentences or counts, please state each claim you are making. For example, breach of contract, violation of the Constitutional rights, or violation of statute. For each claim, list each defendant that the claim is against. Describe

specifically the wrongful conduct, action, or failure to act.   Be as specific as possible.  Take time to organize your statement. It is not necessary to make legal arguments, or to cite cases or statutes.  You may use additional paper if necessary):

As a result of Ms. Morris-Huse's medical condition: Meniere's Disease, Ms. Morris-Huse experiences episodes of vertigo, and balance instability. These symptoms cause safety concerns.

Plaintiff was successfully working remotely on days that she was unable to come into the office, however she was required to utilize sick time/vacation time/ or unpaid leave.  When Plaintiff requested a remote work arrangement as part of her salaried position Defendant denied the request. This prior unpaid work arrangement is itself evidence that a telecommuting accommodation is not an undue hardship on Defendant GEICO.

After working for Defendant productively for over twenty years, often remotely from home, Plaintiff Morris-Huse was denied a disability accommodation to continue her employment.  The accommodations requested and denied were to work remotely and/or a flexible work schedule when her medical condition prohibited attendance in the office.

Defendant unlawfully failed to accommodate Plaintiff Morris-Huse's disability.  This failure to Accommodate is in violation of the Americans with Disabilities Act.

The requested Accommodation required no cost to defendant therefore it produced no undue hardship.

VII.   Relief: State briefly and exactly what you want the Court to do for you.  Make no legal arguments; cite no cases or statutes.

As a proximate result of Defendants discriminatory actions, Plaintiff Morris-Huse has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff Morris-Huse has suffered such damages in an amount to be proved at trial.

VIII.   Money damages:

Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?   Yes, both actual and punitive

Plaintiff has suffered losses in compensation and earning capacity in excess of $450,000, an amount to be proved at trial.

IX.    Jury Trial Demand

Are you seeking a jury trial in this case?  Yes

X.    Additional Information:

Prior unpaid work arrangements are in themselves evidence that a telecommuting accommodation was an appropriate solution to assist Plaintiff in successfully completing her job duties while causing no hardship on Defendant GEICO.

.

_____
Signature of Plaintiff
2462 Bahia Vista St
(631)942-6324
sk5hill@aol.com

5/27/16
_____
Date

**United States District Court
Middle District of Florida
Division**

E-ProSe Forms Package
# General Civil Complaint



**Susan Morris-Huse**
May 27, 2016